UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MADELYN B. BARNES, by and on
behalf of the United States of America,
Relator, and by and on behalf of the
State of New York, Relator,

               Relator,

v.

HEALTHNOW NEW YORK, INC.,
doing business as BlueCross BlueShield
of Western New York, doing business as
Blueshield of Northeastern New York,
now known as Highmark Western and
Northeastern New York,

               Defendant.

16-CV-88 (JLS) (HKS)

---

## DECISION AND ORDER

Relator Madelyn Barnes alleges, by and on behalf of the United States of America, and by and on behalf of New York State, claims against Defendant HealthNow New York under the federal and New York State False Claims Acts. See Dkt. 94.

After litigation involving the pleadings,[1] and before discovery was complete, Defendant moved for partial summary judgment. Dkt. 86. Defendant seeks to

---

[1] Defendant moved to dismiss Relator's second amended complaint, which this Court resolved on December 21, 2020. See Dkt. 45; Dkt. 71. Relator then moved to amend the second amended complaint, which this Court resolved on June 17, 2021, making the third amended complaint (Dkt. 94) the operative pleading. See Dkt. 84; Dkt. 93.

dismiss the complaint in its entirety or, alternatively, dismiss the claims involving the Federal Employee Program, Medicare, and Medicaid, as well as supplemental state claims made by or on behalf of New York State or local governments. *See* Dkt. 86. Relator opposed the motion, and Defendant replied in further support. Dkt. 97; Dkt. 99.

After summary judgment briefing was complete, but while the motion was pending, Defendant moved to supplement the record as to its summary judgment motion. Dkt. 109. Relator opposed that motion, and Defendant replied in further support. Dkt. 111; Dkt. 112.

This Court referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 75. On March 21, 2023, Judge Schroeder issued a Report and Recommendation ("R&R"), recommending that this Court: (1) deny Defendant's motion to supplement the summary judgment record; (2) grant Defendant summary judgment on Relator's state False Claims Act claims to the extent they are based on damages to local government entities, with leave to seek amendment of pleadings based on discovery, if appropriate, and otherwise deny summary judgment on those claims; and (3) deny Defendant summary judgment on Relator's federal False Claims Act claims. Dkt. 113.

Defendant objected to the R&R's recommendations regarding summary judgment on the federal False Claims Act claims and regarding the motion to supplement. Specifically, Defendant argues that: (1) as to summary judgment, the

R&R misapplied the law regarding the public disclosure bar and incorrectly concluded that an issue of fact exists whether Relator was an original source; (2) as to summary judgment, the R&R incorrectly concluded that issues of fact exist regarding the Office of Personnel Management ("OPM") audits, including the clarity of the term "covered charges," whether the audits were substantially similar to Relator's audit, and the impact of OPM's actions (or lack of action) based on the audits; and (3) as to the motion to supplement, the R&R improperly denied the motion, in light of certain statements by Relator during her deposition. Dkt. 115, at 1–2; *see also* Dkt. 115-1. Relator opposed the objections, and Defendant replied in further support. Dkt. 118; Dkt. 122.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). And it must modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotation marks and citation omitted). Neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R—including the portions to which no party objected—and the relevant record. Based on its *de novo* review,[2] the Court accepts and adopts Judge Schroeder's recommended disposition of Defendant's motion for partial summary judgment and Defendant's motion to supplement the summary judgment record. The Court, however, expresses no opinion about the R&R's analysis of judicial estoppel as to public disclosure, via a 2011 OPM audit, of overcharges alleged in Relator's audit. *See* Dkt. 113, at 7 n.2. This Court will address that issue if and when it arises in the future.

For the reasons stated above and in the R&R, the Court DENIES Defendant's motion to supplement the summary judgment record (Dkt. 109) and GRANTS, IN PART, AND DENIES, IN PART Defendant's motion for summary judgment (Dkt. 86), as follows:

- denies summary judgment as to Relator's federal False Claims Act claims;
- grants summary judgment as to Relator's state False Claims Act claims to the extent they are based on damages to local government entities, with leave to seek amendment after discovery, if appropriate; and

---

[2] The R&R and the parties appear to assume that denial of Defendant's motion to supplement the summary judgment record is a dispositive issue that requires a report and recommendation from the magistrate judge. *See* Dkt. 113; Dkt. 115; Dkt. 118; Dkt. 122. This Court is not so sure. Nevertheless, because the Court reviewed the portion of the R&R regarding Defendant's motion to supplement *de novo*, any uncertainty about the applicable standard of review is without consequence here.

4

- denies summary judgment as to Relator's state False Claims Act claims in all other respects.

The Court refers the case back to Judge Schroeder for further proceedings, consistent with the referral order at Dkt. 75.

SO ORDERED.

Dated: July 26, 2023
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE