UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MADELYN B. BARNES By and on Behalf
of the United States of America, and
By and on Behalf of the State of New York,

                **Relator,**

          **-v-**                                  **16-CV-88-JLS-HKS**

HEALTHNOW NEW YORK INC., D/B/A
BLUECROSS BLUESHIELD OF WESTERN NEW
YORK, AND D/B/A BLUESHIELD OF
NORTHEASTERN NEW YORK, NOW KNOWN AS
HIGHMARK WESTERN AND NORTHEASTERN
NEW YORK INC.,

                **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #75.

Relator Madelyn B. Barnes ("Barnes" or "Relator") is the relator in this *qui tam* action on behalf of the United States of America and New York State under the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), and the New York State False Claims Act, N.Y. State Fin. Law § 187 *et seq.* ("NYSFCA").  Dkt. #94.  Barnes alleges that defendant HealthNow New York Inc., d/b/a BlueCross BlueShield of Western New York, and d/b/a BlueShield of Northeastern New York, now known as Highmark Western and Northeastern New York Inc. ("HealthNow") improperly overpaid healthcare claims at the

expense of the United States, New York State, and "local governments/municipalities" by submitting false statements to these entities.  *Id*.

Currently before this Court are the parties' motions to compel. Dkt. ##127, 133, 138.

## BACKGROUND

The factual background of this matter was set forth in a prior Report, Recommendation and Order, Dkt. #113, and a Decision and Order, Dkt. #123, and it is incorporated here. A brief review of the case's procedural history, however, will be helpful.

Plaintiff filed this case on March 2, 2016, but the United States did not elect to decline intervention until July 10, 2019. Dkt. #27. Following amendments to the complaint, initial motion practice, and mediation, the Court entered a case management order on March 25, 2021. Dkt. #79.

On May 25, 2021—prior to the completion of discovery—HealthNow filed a motion for summary judgment. Dkt. #86. On October 28, 2021, the Court stayed the case pending resolution of that motion. Dkt. #107.

On March 21, 2023, the undersigned issued a Report, Recommendation, and Order addressing HealthNow's motion for summary judgment. Dkt. #113. On July 26, 2023, the Court issued a Decision and Order granting in part and denying in part the

motion for summary judgment. Dkt. #123. This decision allowed Relator's claims under the federal False Claims Act and New York False Claims Act—except those based on damages to local government entities—to proceed. Dkt. #123, pp. 4-5.

As to the claims concerning local governments, the Court adopted the undersigned's recommendation that the claims failed because those entities—who were the real parties in interest under the relevant statutes—had not been made parties to the action. Dkt. #113, p. 20; Dkt. #123, p. 4. Nonetheless, the Court noted that Relator "is still free to seek leave to add any local government entities revealed through discovery at a later date, subject to the relevant standard for adding parties after the deadline." Dkt. #113, p. 20.

The Court then set a status conference for August 9, 2023. Dkt. #124. Following that conference, the Court entered an Amended Scheduling Order setting new discovery and dispositive motion deadlines, including a new discovery deadline of March 22, 2024. Dkt. #126. That deadline and all other pre-trial deadlines—other than that for dispositive motions—have now passed.

On September 21, 2023, HealthNow filed a motion to compel, Dkt. #127, and on February 27, 2024, Relator filed a motion to compel. Dkt. #133. On March 18, 2024, the Court again stayed discovery. Dkt. #136. Finally, HealthNow filed another motion to compel on April 5, 2024. Dkt. #138.

These three motions to compel are now ripe for resolution.

## DISCUSSION AND ANALYSIS

### Legal Standards

Pursuant to Fed. R. Civ. P. 26, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

"Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Duhaney v. TransUnion, LLC*, 23-CV-04066 (NJC) (JMW), 2024 WL 85074, at *1 (E.D.N.Y. Jan. 8, 2024) (citation and internal quotation marks omitted). Relevance, "for purposes of discovery, is an extremely broad concept." *Carlyle Aviation Mgmt. Ltd. v. Frontier Airlines, Inc.*, 23 Civ. 4774 (PAE), 2023 WL 8472725, at *1 (S.D.N.Y. Dec. 7, 2023) (citation and internal quotation marks omitted).

"Once any possibility of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper." *Rhodes v. Phoenix Arms*, 1:20-CV-267 (GTS/CFH), 2022 WL 2079088, at *2 (June 9, 2022) (citation and internal quotation marks omitted). "Generally, discovery is only limited when sought in bad faith, to harass or oppress the party subject to it, [or] when it is irrelevant or privileged." *Id.*

**<u>Defendant's Motion to Compel Initial Disclosures</u>**

Rule 26 of the Federal Rules of Civil Procedure requires that a party must provide in its initial disclosures "a computation of each category of damages claimed by the disclosing party" and must "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(iii).

This rule further states:

> A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Fed. R. Civ. P. 26(a)(1)(E).

"As a leading treatise explains, '[a] party claiming damages must, of course, have some evidence that an injury occurred and some basis for calculating the damages the party suffered as the result of that injury before filing suit.'" *Fed. Trade Comm'n v. Chase Nissan, LLC*, Civil No. 3:24-cv-00012 (JCH), 2024 WL 3566205, at *9 (D. Conn. July 29, 2024) (quoting 6 James Wm. Moore *et al.*, Moore's Federal Practice § 26.22[4][c] (3d ed. 2023)). "The party making such a claim, therefore, has the obligation, when it makes its initial disclosures, to disclose to the other part[y] the best information then available to it concerning that claim, however limited and potentially challenging it may be." *Id.*

"Of course, the party is entitled to amend or supplement its calculation and supporting document production as it learns more in discovery." *Id.* (citation and internal quotation marks omitted). "But it cannot avoid its initial disclosure obligation by claiming that it does not yet know everything." *Id. See also Kitchen Winners NY Inc. v. Rock Fintek LLC*, 22 Civ. 5276 (PAE), 2023 WL 6542111, at *1 (S.D.N.Y. Sept. 1, 2023) ("As its terms make clear, Rule 26 contemplates that a plaintiff will disclose the 'formula' that it has used to calculate its alleged damages, in this way articulating its theory of damages for testing and verification by the other parties.") (citations omitted).

Here, Relator's Third Amended Complaint alleges specific overpayments by HealthNow:

- "[I]n 2012, Defendant overpaid $5,631,694.00 for services utilized at certain hospitals." Dkt. #94, ¶ 53;

- "[I]n 2013, Defendant was aware that it had overpaid $6,485,850.00 for services utilized at certain hospitals in that year." Dkt. #94, ¶ 54;

- "Defendant ran an analysis of the potential recoveries and determined that during 2013 alone, including private (non-Medicare/Medicaid) claims, there were almost $52,000,000.00 in overpayments." Dkt. #94, ¶ 92;

- "When looking only at one individual hospital for [the] 2012-2014 time period, over $200,000.00 in overpayments were made on claims paid by Medicare, Medicare Risk Community Rated, Medicare Risk Direct Pay, and/or Managed Care Health New York plans." Dkt. #94, ¶ 94; and

- "Moreover, even after discovering the issue in July of 2013, no immediate changes were made and Defendant continued to overpay and pass along the cost to the consumer. For the 2014 year there were over approximately $33,000,000.00 in overpayments." Dkt. #94, ¶ 96.

In addition, the complaint alleges generally that HealthNow overpaid other claims submitted through various federal and state healthcare plans. Dkt. #94, *passim*.

Moreover, HealthNow avers—and Relator does not contest—that during mediation held on January 13, 2021, Relator demanded $30 million in damages. Dkt. #127-1, ¶ 4.

Nonetheless, in her initial disclosures dated April 30, 2021, Relator stated under "Computation of Damages/Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii)":

> Relator Barnes will provide defendant with an expert damages report in accordance with the scheduling order in this case, dated March 25, 2021. The information needed to properly compute damages is primarily in possession of the defendant. Relator Barnes anticipates the information necessary for such computation to be forthcoming in the discovery process. Relator Barnes further states that a computation of damages will relate to the treatment, reporting, and categorization of overpaid claims data.

Dkt. #127-3, p. 5.

This "disclosure" is wholly insufficient under the above authority. *See Fed. Trade Comm'n*, 2024 WL 3566205, at *9 ("A litigant may not avoid these obligations on the grounds that its adversary has yet to produce its own documents.").

HealthNow wrote to Relator's counsel on May 4, 2021, June 3, 2022, August 21, 2023, and August 29, 2023, pointing out the deficiencies in these initial

disclosures and requesting that they be supplemented. Dkt. ##127-4, 127-5, 127-6, 127-7.

On October 13, 2023—approximately three weeks *after* HealthNow filed its motion to compel regarding the initial disclosures—Relator's counsel served HealthNow with supplemental initial disclosures. Dkt. #129-1, ¶ 3; Dkt. #129-2. This supplementation, while containing additional verbiage and legal citations, is still deficient because it provides no computations—not even a range—for the damages Relator intends to seek. The disclosures thus provide no basis for HealthNow to test and verify Relator's theory of damages. *Kitchen Winners*, 2023 WL 6542111, at *1.

Moreover, Relator again improperly asserts that "[t]he information needed to properly compute damages is primarily in Defendant's possession." Dkt. #129-2, p. 5. As noted above, this argument does not excuse noncompliance. Moreover, at the time Relator supplemented her initial disclosures, HealthNow had produced over 41,000 documents. Dkt. #130-1, ¶ 5.  Finally, the balance of the supplementation merely parrots allegations of the complaint and remedy provisions of the relevant statutes, again without providing any computations.[1]

---

[1] The Court also notes, as discussed above, that Relator was able to include in the Third Amended Complaint specific amounts of alleged overpayments. Unless Relator created these figures from whole cloth, she must have had some factual basis for them. The Court would also presume that Relator had some basis for her settlement demand of $30 million.

Relator relies on *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 Civ. 5560 RMB HBP, 2006 WL 1520227 (S.D.N.Y. June 1, 2006), for the proposition that a party is relieved of its Rule 26(a)(1)(A) obligations where a damages calculation is complex. Dkt. #129, pp. 4-5. This reliance is misplaced.

In *Kingsway*, the plaintiff had committed to providing its damages evidence *solely* through expert testimony. *Id.* at *1. The court thus held that plaintiff's damages calculations could be produced pursuant to Rule 26(a)(2). *Id.* The court otherwise reiterated the general rule that the party making a claim for damages "has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially [challenging] it may be." *Id.* (citation and internal quotation marks omitted).

Relator's opposition to HealthNow's motion to compel on this basis is thus unavailing. *See U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, Nos. 12 Civ. 6811(CM)(JCF), 13 Civ. 1580(CM)(JCF), 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013) ("Thus, *Kingsway* does not create an exception to Rule 26(a)(1) in cases in which damages will be proved by experts: the disclosing party still has the responsibility to provide each category of required disclosures based on the information it has at the time, and to supplement those disclosures as more information is gained."). *See also Probatter Sports, LLC v. Sports Tutor, Inc.*, CIVIL CASE NUMBER, 3:05-cv-01975-VLB, 2016 WL 1178051, at *8 (D. Conn. Mar. 23, 2016) (noting that it is a fundamental principle that "a

party cannot defend itself unless it knows the factual and legal basis for attack and has the opportunity to conduct discovery to support its opposition") (citation omitted).

The Court thus concludes that HealthNow's motion to compel Relator to provide rule-compliant damages computations is well taken. Relator is cautioned that failure to comply with the Order that follows raises the specter of preclusion under Fed. R. Civ. P. 37. *Kitchen Winners*, 2023 WL 6542111, at *1.[2]

## Relator's Motion to Compel and Extend Discovery Deadline

In her motion to compel, Relator raises four arguments as to why HealthNow's responses to her requests for production of documents are deficient. Dkt. #133-12, p. 2. However, in her reply, Relator states that she considers two of the four points resolved. Dkt. #142-2. The Court will thus address only the remaining issues.

### *Document Request No. 8*

Relator's document request number 8 seeks: "All contracts, documents and communications regarding contracts between Providers and Highmark that are or were applicable during the Covered Period, including any attachments, schedules, amendments, addenda, notices and documents referenced therein." Dkt. #133-4, p. 6.

In its response to this request, HealthNow stated:

In addition to its General Objections, HealthNow objects to this request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous, including, without

---

[2] The Court will address the issue of attorneys' fees below.

> limitation, with respect to time. **HealthNow objects to the disclosure of proprietary rate schedules because of commercial sensitivity, relevance, and proportionality.** Subject to, and without waiver of the foregoing objections, **HealthNow will produce non-privileged documents responsive to Request 8 that refer to general hospitals, skilled nursing facilities (SNF), or ambulatory surgical centers (ASC) except for rate schedules**.

Dkt. #133-4, p. 6 (emphasis added).

Relator argues that HealthNow improperly limited its response to three types of healthcare facilities, as opposed to producing documents regarding all providers with whom it had contracts. HealthNow argues that the Third Amended Complaint does not put at issue providers beyond the three types specified in its response. Dkt. #139, pp. 15-17. The Court disagrees.

First, as Relator points out, the Third Amended Complaint also lists "home health care providers" as entities with whom HealthNow contracted. Dkt. #94, ¶¶ 23, 26, 34, 97. HealthNow did not include such entities in its response.

Second, in addition to specifying those four categories, the complaint alleges more generally that HealthNow contracted with "participating providers," "clients," "group clients," "provider categories other than hospitals," and "facilities." Dkt. #94, ¶¶ 14, 32, 69, 72, 86, 115. Such allegations would encompass any healthcare providers with whom HealthNow contracted beyond the other categories specified.

Indeed, HealthNow does not contest that such entities may exist and fall within the scope of Relator's claims. Instead, it simply argues that broadening its production would be unduly burdensome, but this argument is formulaic. Dkt. #139, pp. 16-17. It does not explain, for example, how searching for documents regarding such providers would differ, either qualitatively or quantitatively, from the searches for the other entities.

HealthNow also refused to produce any rate schedules that were part of its contracts with providers. It now argues that such production would be duplicative because such information will be provided as part of the structured data, discussed below. The Court disagrees.

Request 8 asks for contracts, and HealthNow does not dispute that the rate schedules were part of its contracts with providers. It has shown no colorable reason for excising those schedules from the contracts it concedes are responsive to this request. Relator argues, and the Court agrees, that it is far from certain that the structured data will include the rate schedules as they existed in their original forms.

Finally, to the extent that HealthNow objected to the production of rate schedules on the grounds of "commercial sensitivity," the parties have an agreed confidentiality stipulation that should address this concern. Dkt. #78.

The Court will thus order that HealthNow produce documents responsive to Request 8 in accord with this discussion.

### Document Requests 16, 17, and 18

Document requests 16, 17, and 18 seek contracts and related documents that HealthNow created in connection with services it provided to providers in New York. Relator asserts, and HealthNow does not contest, that these requests are directed at contracts between HealthNow and New York state entities—such as counties, cities, towns, school districts, etc.—that would be subject to the New York False Claims Act. Dkt. #133-12.

HealthNow limited its response to this request to documents "signed by" or "involving" the State of New York. Dkt. #133-4. It now argues that this limitation is justified because the Court dismissed Relator's claim related to local governments and municipalities, and that these requests are a "fishing expedition." This argument is not well taken.

As discussed above, in its Report and Recommendation and Decision and Order dismissing Relator's claims as to such entities, the Court specifically noted that Relator "is still free to seek leave to add any local government entities revealed through discovery at a later date, subject to the relevant standard for adding parties after the deadline." Dkt. #113, p. 20. It follows that Relator is entitled to discovery to determine if such entities would be proper parties to this action.

The Court will thus order that HealthNow produce documents responsive to these requests in accord with this discussion.

### Structured Data Claims Crosswalk-Requests 1-3

In the interest of brevity, the Court will not recount the parties' communications about their attempts to agree on a structured data crosswalk. HealthNow has stated in its response to Relator's motion to compel that it has extracted the data requested and will produce those files when the discovery stay is lifted. Dkt. #139, p. 11.

The Court will thus order such production.[3]

### Extension of the Discovery Deadline

Finally, Relator seeks a 90-day extension to complete discovery and conduct depositions.[4] HealthNow opposes such an extension.

---

[3] In her reply brief, Relator also argues that HealthNow should be compelled to produce complete responses to Requests Nos. 4, 5, 24, 30, 35 and 40. Dkt. #142-2, pp. 7-9. But Relator did not make these requests the subject of her motion to compel. *See Keep on Kicking Music, Inc. v. Universal Music Pub'g Grp.*, 23-CV-4400, 2024 WL 3675936, at *7 (S.D.N.Y. Aug. 5, 2024) (arguments raised for the first time in a reply brief are deemed waived). To the extent that Relator considered these requests part of her original third point that HealthNow had not clarified the extent of its responses and whether it was withholding documents on privilege grounds, Relator stated on page two of her reply brief that that point was "resolved." Dkt. #142-2, p. 2. Nonetheless, because HealthNow states that it agrees to provide updated privilege logs, Dkt. #139-1, ¶ 30, the Court will include such in its Order.

[4] In one place, Relator states that she seeks a 45-day extension, Dkt. #133-12, p. 14, but the balance of the briefing states that she seeks a 90-day extension.

The Court notes that this case is now over eight years old. However, although the parties accuse one another of delay, the Court notes that the time periods during which this case lagged were generally outside the parties' control.

In any event, it is not disputed that HealthNow made its most recent document production on March 1, 2024, just three weeks before the operative discovery deadline. Dkt. #139-1, ¶ 21. And, under this Decision and Order, both sides will be obligated to produce additional information. The Court thus finds that "good cause" exists to modify the discovery and dispositive motion deadlines so that discovery may be completed. *See* Fed. R. Civ. P. 16(b)(4).

The parties are cautioned, however, that no further extensions will be granted absent extraordinary circumstances.

### **Defendant's Motion to Compel and Stay and Preclude**

The last motion before the Court is HealthNow's motion to compel and to stay and preclude in the absence of full discovery responses. Dkt. #138-1.[5]

---

[5] Relator argues that this motion is untimely as it was filed on April 5, 2024, after the February 27, 2024 deadline for filing motions to compel. Dkt. #143, pp. 2-3. Counsel for HealthNow avers that he understood from Relator's counsel that it was this Court's policy to suspend the discovery deadlines pending resolution of pending motions to compel. Dkt. #144-1, ¶ 3. Given the importance of resolving this matter on the merits, the Court exercises its discretion to consider HealthNow's motion regardless of its timeliness, particularly given the evidence that HealthNow repeatedly alerted Relator that her discovery responses were well overdue and/or insufficient. Dkt. ## 138-8, 138-9, 138-10, 138-11.

***Document Requests***

On June 25, 2021, HealthNow served on Relator eleven requests for production of documents. Dkt. #138-2, ¶ 25. On September 2, 2021, Relator served her responses, along with 572 documents. Dkt. ##138-2, ¶ 33, 138-7.

The Court has reviewed these responses and finds them woefully deficient. Requests 1-3 seek documents which evidence allegedly false claims submitted by HealthNow to the federal or state government; statements about this case by or on behalf of HealthNow; and documents concerning alleged damages. Dkt. #138-7, pp. 4-5. These are clearly relevant requests that go to the heart of Relator's claims.

Relator's responses state that she believes responsive documents are in HealthNow's possession; that she reserves the right to supplement; and—with respect to damages—that the request is premature and that "all of the produced documents concern damages." *Id.*

Similarly, in response to Requests 4, 5, and 7-10—which seek documents equally relevant to Realtor's claims—Realtor either states that such documentation is in HealthNow's possession; "directs" HealthNow to general categories of documents; and/or fails to indicate whether production is complete as to the request.[6]

---

[6] The Court also notes that Relator objected to Request 10 but did not state whether any responsive documents were being withheld. *See* Fed. R. Civ. P. 34(2)(C).

Finally, while Relator stated that documents would be produced in response to Request 11—correspondence about the case—HealthNow's counsel avers that Relator has not done so. Dkt. #138-2, ¶ 33. Relator does not address this request in her opposition memorandum. Dkt. # 143.

Relator may no longer kick the can down the road. While she asserts that she has "produced all documents in *her possession* that are responsive to Defendant's document requests, Dkt. #143, p. 6, the Court will order her to serve updated, supplemental responses. These responses must comply fully with Rule 34, and they must indicate whether production is complete as to each request.

### *Interrogatories*

Rule 33 provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "In order to ensure that each is answered 'separately' and 'fully,' the responding party is required to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories." *Richard v. Digean*, 332 F.R.D. 450, 459 (W.D.N.Y. 2019) (citations and internal quotation marks omitted). "In other words, [t]he responding party must provide the best answer they can based upon current information in their possession." *Id.*

On October 25, 2021, HealthNow served six interrogatories on Relator. Dkt. #138-2, ¶ 10. On December 14, 2023, Relator served her responses. Dkt. #138-5.

Relator provided not a single substantive response to any of these interrogatories. Interrogatory 1 asked Relator to identify each filing containing an allegedly false statement, to which Relator responded generally that HealthNow is required to submit reports and certifications in connection with federal and state healthcare programs. Dkt. #138-5, pp. 2-3. She then stated, "We will supplement this response once we receive and review Defendant's responses to discovery." Dkt. #138-5, p. 2. This is, effectively, a non-response.

The remaining five responses fare no better, merely stating the "the information necessary to provide a full response is in the possession of Defendant," or—in response to Interrogatory 4—referring to allegations of the complaint.

Counsel for HealthNow contacted Relator's counsel six times between February 1, 2024 and April 3, 2024, requesting that Relator remedy the deficiencies in her responses, but Relator did not do so. Dkt. #138-2, ¶¶ 34-40.

In opposition to HealthNow's motion to compel, Relator deflects by arguing that HealthNow has failed to produce certain Medicare Advantage documents. Dkt. #143, pp. 3-4. Even if true, this cannot justify Relator's blanket non-answers to HealthNow's interrogatories. At the time Relator served her responses, HealthNow had produced over 50,000 pages of documents. Dkt. #139-1, ¶¶ 15-16. It thus strains credulity for Relator to

suggest that she was unable to provide any information responsive to the six interrogatories.[7]

Realtor also argues that four of the six interrogatories constitute contention interrogatories which are only proper at the end of discovery. Dkt. #143, pp. 4-5. This is not true, for none of the four interrogatories "ask for improper legal conclusions or otherwise seek information beyond the bounds of proper discovery." *Pouliot v. Paul Arpin Van Lines, Inc.*, No. 3:02 CV 1302(DJS), 2004 WL 1368869, at *2 (D. Conn. June 14, 2004). This argument thus provides no legitimate reason for Relator's failure to provide full responses to these interrogatories. *Id.*

Finally, HealthNow seeks provisional relief of a stay of discovery and preclusion should Relator disobey the Court's order on this motion. Dkt. #138-1, pp. 15-17. This request is premature, and the Court will not assume that any party will fail to comply with its orders. The Court will address such matters if, and when, they arise.

The Court will therefore order Relator to supplement her interrogatory responses in compliance with all applicable rules.

---

[7] HealthNow states that it has been diligently searching for documents responsive to Relator's document request 24 and will produce any responsive documents when the current stay is lifted. Dkt. #144-1, ¶ 8.

**Requests for Attorneys' Fees**

Because both parties have prevailed on some issues and not others, the Court declines both sides' requests for fees. *See 6340 NB LLC v. Capital One, N.A.*, 20-CV-02500 (OEM) (JMW), 2023 WL 7924176, at *8-9 (E.D.N.Y. Nov. 16, 2023) (denying both parties' requests for fees in relation to discovery motions; "both motions required a similar amount of effort in drafting and opposing and compiling documents in support of those motions and oppositions").

## CONCLUSION

Consistent with this decision, it is ordered as follows:

(1)     HealthNow's motion to compel on the issue of Relator's damages disclosures, Dkt. #127, is granted. Within ten (10) days of entry of this Decision and Order, Relator shall provide to HealthNow a computation of each category of damages she claims, in compliance with Fed. R. Civ. P. 26(a)(a)(A)(iii);

(2)     Relator's motion to compel and to extend the discovery deadline, Dkt. #133, is granted in part and denied in part in accord with the above discussion. HealthNow shall produce the documents discussed above, including the structured data, updated privilege logs, and documents responsive to Relator's document request 24, within fourteen (14) days of entry of this Decision and Order;

(3)     HealthNow's motion to compel, Dkt. #138, is granted. Relator shall provide supplemental responses to HealthNow's discovery requests within fourteen (14) days of entry of this Decision and Order;

(4)     The stay of discovery in this matter, Dkt. #136, is lifted; and

(5)     The Court will issue an amended scheduling order extending the discovery deadline to November 15, 2024 and extending other deadlines accordingly. The Court notes that no further extensions will be granted absent extraordinary circumstances.


**SO ORDERED.**


DATED:     Buffalo, New York
           August 14, 2024


                                    **s/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**