UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MADELYN B. BARNES By and on Behalf
of the United States of America, and
By and on Behalf of the State of New York,

                Relator,

      -v-                                          16-CV-88-JLS-HKS

HEALTHNOW NEW YORK INC., D/B/A
BLUECROSS BLUESHIELD OF WESTERN NEW
YORK, AND D/B/A BLUESHIELD OF
NORTHEASTERN NEW YORK, NOW KNOWN AS
HIGHMARK WESTERN AND NORTHEASTERN
NEW YORK INC.,

                Defendant.
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #75.

Relator Madelyn B. Barnes is the plaintiff in this *qui tam* action on behalf of the United States of America and New York State under the False Claims Act, 31 U.S.C. § 3729 *et seq*. ("FCA"), and the New York State False Claims Act, N.Y. State Fin. Law § 187 *et seq*. ("NYSFCA"). Dkt. #94. Barnes alleges that defendant HealthNow New York Inc., d/b/a BlueCross BlueShield of Western New York, and d/b/a BlueShield of Northeastern New York, now known as Highmark Western and Northeastern New York Inc. ("HealthNow"), improperly overpaid healthcare claims at the expense of the United

~ 1 ~

States, New York State, and "local governments/municipalities" by submitting false statements to these entities. *Id*.

Currently before the Court is plaintiff's motion to compel. Dkt. #150.

## BACKGROUND

The factual background of this matter was set forth in a prior Report, Recommendation and Order, Dkt. #113, and two prior Decisions and Orders, Dkt. ##123, 147, and it is incorporated here.

On August 14, 2024, the Court issued a Decision and Order ("the August Order") ruling on motions to compel filed by both parties. Dkt. #147. As relevant here, the Court ordered HealthNow to produce to plaintiff documents related to contracts between HealthNow and New York state entities, as well as its structured claims data in response to plaintiff's document requests, within 14 days of entry of the order. Dkt. #147, pp. 13-14, 20.[1]

---

[1] The three document requests in question were:

1. Produce a full and complete extract of all Claims Data for Highmark, by System, for the Covered Period that includes all data elements for each claim processed by Highmark during the Covered Period including, without limitation, claim identifier, member identifier, line of business, coverage plan, Provider, date of service, billed charges, allowed amounts and cost sharing amounts.
2. Produce an extract of the Provider File, by System, showing all participating and non-participating Providers during the Covered Period.
3. With respect to all extracts, please produce a complete file layout for each file contained in the extract and data dictionary and database table hierarchy.

Dkt. #133-2, p. 4.

The Court also granted an extension of the discovery deadline to November 15, 2024, but it noted that "no further extensions will be granted absent extraordinary circumstances." Dkt. #147, p. 21.[2]

On August 22, 2024, HealthNow produced its structured claims data via email to plaintiff's counsel. Mahoney Decl., Dkt. #150-2, ¶ 7.[3] Plaintiff reviewed this information with her experts, and, on September 23, 2024, her counsel wrote to HealthNow's counsel. Dkt. #150-2, ¶ 8; Dkt. #150-3. In this email, plaintiff made six "information requests and/or objections," including requesting confirmation of file layouts; the source of the data extracts; whether HealthNow had used filters in pulling the data; and requesting a map of HealthNow's systems as well as a data dictionary. Dkt. #150-3.

Plaintiff also proposed that, due to the large volume of materials produced by HealthNow after the August Order, the parties request that the Court extend the discovery deadline to February 15, 2025. *Id.* at 3. Plaintiff also stated that HealthNow has "yet to produce a complete extraction of its structured data consistent with the Order since, at a minimum, it omits lines of business the Court has deemed relevant." *Id.*

---

[2] A limited extension of the deposition deadline to November 30, 2024 was granted via text order on November 15, 2024. Dkt. #158.

[3] HealthNow had produced to plaintiff a data crosswalk on January 26, 2024. Dkt. #150-5, p. 3. A "crosswalk" is a chart or table that represents the technical mapping of data from one source to data elements in another source that has a similar function or meaning. https://direct.mit.edu/dint/article/5/1/100/113281/An-Analysis-of-Crosswalks-from-Research-Data (last visited Nov. 25, 2024). A copy of the crosswalk produced by HealthNow is attached, under seal, to the declaration of HealthNow's counsel. Dkt. #160-4.

On September 25, 2024, HealthNow's counsel responded, stating that it had complied with the Court's order and would agree to an extension of the discovery deadline only through November 30, 2024. Dkt. #150-8, pp. 6-7.

Plaintiff then emailed HealthNow's counsel on October 8, 2024, reiterating the requests in his September 23, 2024 email and requesting a telephone conference on October 9 or 10, 2014. Dkt. #150-4.

Additional correspondence ensued, and the parties held a meet-and-confer telephone conference on October 11, 2024. Dkt. #150-8, pp. 2-6. That meeting, and subsequent communications, failed to produce any agreement, and HealthNow refused plaintiff's request to extend the deadline for filing motions to compel. Dkt. #150-5; Dkt. #150-6; Dkt. #150-7; Dkt. #150-8, pp. 1-2.

Plaintiff filed the pending motion to compel on October 18, 2024. Dkt. #150.

## DISCUSSION AND ANALYSIS

The Court has previously discussed the legal standards applicable to discovery in federal court, Dkt. #147, p. 4, and it is incorporated here.

The Court notes that "a party is required to produce electronically stored information, subject to the same relevancy and proportionality limitations set forth in Rule

~ 4 ~

26(b)." *Sanders v. SUNY Downstate Med. Ctr.*, 22 CV 4139 (KAM) (CLP), 2024 WL 4198355, at *3 (E.D.N.Y. Sept. 16, 2024) (citation omitted).

### *Data Dictionary and System Map*

Plaintiff first seeks to compel HealthNow to produce a data dictionary, which her expert states "contains the formal definition of data in each data field including the data values and codes that appear in each file." Dkt. #152, ¶ 5. Plaintiff argues that a data dictionary is necessary to enable her and her experts to perform a forensic analysis of the data. Dkt. #150-1, p. 5.

In response, HealthNow has provided a sworn declaration from Keith Januszak, Manager for Information Management Advancement, stating that the company does not maintain a "data dictionary" such as plaintiff requests. Dkt. #160-5, ¶¶ 5, 8. This witness further states that all the information related to the data fields in question has been provided to plaintiff in the data crosswalk. *Id.* ¶¶6, 9.

"Generally, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible." *Brunero v. Vukasinovic*, 23-CV-6341 (ER), 2024 WL 4345731, at *4 (S.D.N.Y. Sept. 30, 2024) (citations and internal quotation marks omitted). Further, "[i]n the face of a denial by a party that it has possession, custody or control of documents, the discovering party must make an adequate showing to overcome this assertion." *Id.* "In other words, a plaintiff

must cite to specific evidence to challenge a defendant's assertions that no additional responsive documents exist." *Id.*

In her reply, plaintiff does not address Januszak's testimony or produce any evidence that would call its veracity into question. Dkt. #161-1, pp. 9-11. For this reason, plaintiff's motion to compel HealthNow to produce a data dictionary will be denied. *Brunero*, 2024 WL 4345731, at *4.[4]

The Court also does not find well taken plaintiff's motion to compel HealthNow to produce a map of the company's entire electronic payment-processing data storage systems.

Plaintiff's expert witness states: "We require a system map in order to fully understand the sources and context of the data that is contained in the data warehouse from which the structured data was produced by HealthNow." Dkt. #152, ¶ 16. To the extent that this rather vague statement establishes relevance, it is weak.

Moreover, considering the extensive information contained in the data crosswalk produced by HealthNow—including the system sources for over 100 data

---

[4] The Court also notes that HealthNow produced sworn testimony that the data crosswalk HealthNow produced to plaintiff in January 2024 included 24 data fields plaintiff identified during her deposition as being necessary to her claims, as well as 9 additional fields she requested be added later in 2021. Dkt. #160-1, ¶¶10-20. Notably, plaintiff does not contend that HealthNow failed to include in the crosswalk any other fields that she requested. Her motion to compel the production of a data dictionary at this late juncture thus seems dilatory.

elements—the Court concludes that plaintiff's request, which HealthNow argues raises both security and patient privacy concerns, is not proportional to the issues in this matter. *See Exist, Inc. v. Tokio Marine Am. Ins.*, 22 Civ. 1679 (AT) (BCM), 2024 WL 96346, at *2 (S.D.N.Y. Jan. 9, 2024) ("The Court may use its discretion to strike the proper balance between discovery that is relevant to any party's claim or defense, on the one hand, and proportional to the needs of the case, on the other.") (citation and internal quotation marks omitted).

The motion to compel the production of a system map will thus be denied.

***Data Related to New York State and Local Government Entities***

As noted above, the Court ordered in its August Order that HealthNow produce documents related to services it provided to local New York government entities. Dkt. #147, p. 13-14, 20. That order directed HealthNow to produce the documents within 14 days of its entry: August 28, 2024.

HealthNow has now conceded that it has not fully complied with that order. Dkt. #160, p. 17; Dkt. #160-1, ¶¶ 73-75. Specifically, it has not produced data related to administrative services programs ("ASOs"). *Id.*

While HealthNow states that the data related to such providers is stored together with commercial health insurance subscribers and not separately identified, Dkt.

#160-5, ¶¶ 10-11, it did not seek relief from the Court's order on that basis in the three months since it was issued.

Therefore, the Court will order HealthNow to produce this outstanding data.

### *Data Extraction Filters*

Finally, plaintiff's motion to compel seeks to require HealthNow to identify any filters it used in extracting the data provided in response to plaintiff's discovery requests. Dkt. #150-1, p. 5.

HealthNow did not address this issue in its opposition brief, Dkt. #160, and the Court will thus order that HealthNow produce this information.

### *Extension of Discovery Deadline*

The Court does not consider the matters addressed herein to constitute "extraordinary circumstances" as contemplated in the Court's August Order. The Court will thus deny plaintiff's request for yet another extension of the fact discovery deadline.

### *Attorneys' Fees*

For the same reasons set forth in the August Order, Dkt. #147, p. 20, the Court declines the parties' requests for attorneys' fees.

## CONCLUSION

Consistent with this decision, it is ordered as follows:

~ 8 ~

(1) Plaintiff's motion to compel is denied in part as to a data dictionary, system map, and attorneys' fees; and

(2) Plaintiff's motion to compel is granted in part as to data regarding local New York government entities and data extraction filters. HealthNow shall produce such information within 14 days of entry of this Order.

**SO ORDERED.**

DATED:   Buffalo, New York
         November 27, 2024

                                           **s/ H. Kenneth Schroeder, Jr.**
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**